IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YACOUBA BAKAYOKA,                    :
      Petitioner
                                   :

      vs.                          :    CIVIL NO. 4:CV-08-1158

                                   :
THOMAS DECKER,
      Respondent          :


*M E M O R A N D U M*

I.   *Introduction*

      On June 16, 2008, the petitioner, Yacoura Bakayoka, an ICE detainee at the York County Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his order of removal to the Ivory Coast and his continued detention until his removal.[1]


II.  *Discussion*

    A.   *The Court Lacks Jurisdiction Over the Challenge to the Removal Order*

      Petitioner challenges his order of removal. We lack jurisdiction to entertain that challenge. *See Kolkevich v. Attorney General*, 501 F.3d 323, 329 (3d Cir. 2007); *Portes-Ortiz v. Mukasey*, No. 08-1321, 2008 WL 2973016, at *1 (M.D. Pa. Aug. 4, 2008). We also lack jurisdiction to transfer the petition to

---

[1] Bakayoka also goes by the name Adama Drabo.

the court of appeals since it was filed beyond the thirty-day period for seeking review of the removal order. *Monteiro v. Attorney General*, 261 Fed. Appx. 368, 369 (3d Cir. 2008) (per curiam) (nonprecedential).

    B.  *Continued Detention*

       The detention, release, and removal of aliens subject to a final order of removal are governed by the provisions of 8 U.S.C. § 1231, INA § 241. Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. *See* 8 U.S.C. § 1231(a)(2).

       After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General. *See* 8 U.S.C. §§ 1231(a)(3) and (6). Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), indefinite detention is not authorized. In *Zadvydas*, the Supreme Court defined six months as a presumptively reasonable period of detention. *Id*. at 701, 121 S.Ct. at 2505. After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. If he makes this

showing, to keep him in custody ICE must show in rebuttal that there is indeed a significant likelihood of removal in the reasonably foreseeable future. *Id.*

Petitioner is not entitled to habeas relief. He was taken into ICE custody on February 25, 2008. (Doc. 4-2, CF/ECF page 6, Resp't's Ex. B). Thus, his six-month period of reasonable detention expired on August 25, 2008, a few days ago. Nonetheless, he can be kept beyond the presumptive six-month period of reasonable confinement. *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). It appears that Bakayoka can be removed in the reasonably foreseeable future. ICE was able to obtain travel documents for Bakayoka, after he agreed to be removed to Burkina Faso, (Doc. 4-2, Ex. H). Petitioner appears to be in ICE detention only because on the date of removal, June 16, 2008, he refused to depart. (Doc. 4-2, Ex. I).

Of course, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505. Thus, if time passes with no progress on removal, or if some event occurs

indicating that removal would not be in the reasonably
foreseeable future,  Bakayoka may file a new 2241 petition
challenging his continued detention.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 28, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


YACOUBA BAKAYOKA,                         :
        Petitioner
                                          :

        vs.                               :   CIVIL NO. 4:CV-08-1158

                                          :
THOMAS DECKER,
        Respondent                        :


*O R D E R*

        AND NOW, this 28th day of August, 2008, upon

consideration of the petition (doc. 1) under 28 U.S.C. § 2241,

it is ordered that:

        1.  In regard to the request that
        Petitioner be released from detention, the
        petition is denied, but without prejudice to
        filing another 2241 petition if events show
        that Petitioner remains in custody beyond
        the reasonably foreseeable future.

        2.  In regard to the challenge to the
        order of removal, the petition is dismissed
        for lack of jurisdiction.

        3.  The Clerk of Court shall close this
        file.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge